IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY N. YENGWIA A95 230 324 | * | |
| Petitioner, | | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-07-1380 |
| | * | |
| ALBERTO R.GONZALES, et al. | | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM

On May 24, 2007, the court received for filing a *pro se* 28 U.S.C. § 2241 Petition for habeas corpus relief from Anthony N. Yengwia which seeks to compel the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") to release him from its post-removal order custody.  Paper No. 1.  He is subject to a final order of removal and does not challenge that order in this Petition.  *Id.*

Petitioner is a native of Cameroon.  He states that he arrived in the United States on May 21, 2001, with a lawful non-immigrant visa.  His application for political asylum and withholding of removal was denied and he was ordered removed by the Immigration Court on August 6, 2003.  The Board of Immigration Appeals ("BIA") dismissed his appeal on December 17, 2004, and the United States Court of Appeals for the Fourth Circuit denied a petition to review the BIA decision.  Petitioner was taken into ICE custody on September 21, 2006, and remains in post-removal-order detention.[1]

Petitioner claims that ICE has been unable to remove him to Cameroon because of difficulties in obtaining travel documents.  He raises statutory and substantive due process

---

[1]    In their Preliminary Response, Respondents do not dispute the procedural history of Petitioner's immigration case as set out in the Petition.

challenges under 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001),[2]

claiming that the six-month presumptively-reasonable period for removal to Cameroon has expired

and his removal "is not significantly likely to occur in the reasonably foreseeable future."  He seeks

immediate release from confinement.

Respondents have filed a Preliminary Response to the Petition and Notice of Intent to

Remove, indicating that they intend to remove Petitioner from the United States pursuant to his

administratively final removal order on or after May 31, 2007.  Paper No. 2.  In light of this

information, it appears that Petitioner's removal is imminent and his habeas challenge to his post-

order detention under § 1231(a)(6) and *Zadvydas* has been rendered moot.

---

[2]     Title 8 U.S.C. §1231(a)(6) authorizes the Attorney General to either release or continue to detain the alien.   Section 1231(a)(6) provides that an alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)©, 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In *Zadvydas*, the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  *Zadvydas,* 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.  After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.*" Id..* at 700. If the Government response fails, the petitioner may be entitled to release from detention.  *Id.  See also Clark v. Martinez*, 543 U.S. 371 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

Accordingly, this case shall be administratively closed.  Respondents shall be directed to file a report, with documentation, on or before June 15, 2007, detailing Petitioner's removal status.[3] A separate Order follows.

Date:   May 25, 2007                                      /s/
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge

---

[3]      Petitioner seeks a stay of his removal pending the issuance of travel documents and/or a stay of his removal pending disposition of a motion to reopen to be filed in the BIA.  Paper No. 1.  He states that he is "planning" on filing a motion to reopen his case concerning the denial of his applications for relief from removal in light of the current conditions in Cameroon.  *Id.*   This undersigned's examination of the Petition is limited to those issues raised before this court, namely whether Petitioner's continued ICE detention violates federal statute and due process.   As his removal is imminent, his claims have been rendered moot. Therefore, the court shall not stay his removal.